IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GLENDA OF THE FAMILY OF LANE, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | 3:14-CV-0979-D-BK |
| | § | |
| JOHN G. STUMPF and | § | |
| WELLS FARGO BANK NA, | § | |
|     Defendants. | § | |

**AMENDED FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case was re-referred for further proceedings based on the March 31, 2014, amended complaint. For the reasons that follow, this case should be summarily dismissed.

**I. BACKGROUND**

On March 18, 2014, Plaintiff filed a *pro se* complaint against Wells Fargo Bank and its Chairman, President, and CEO, John G. Stumpf. The Court granted the motion to proceed *in forma pauperis*, but did not issue process pending preliminary screening. Plaintiff's complaint stated in its entirety: "See 'Exhibit A' – i.e., Plaintiff's 'Declaration in the nature of an Affidavit of Claim & Asseveration of Dominion.'" [Doc. 3 at 1]. The latter consisted of 20 pages of legal jargon and property descriptions, which were nonsensical and very difficult to understand. [Doc. 3 at 10-30]. The remaining attachments (totaling more than 20 pages) included a UCC Financing Statement, a Demand for Clerk's Entry of Default, a Notice of Default, and various fax cover sheets and USPS tracking sheets. [Doc. 3 at 2-45]. In the Civil Cover Sheet, Plaintiff cited as authority for her complaint "Federal Rules of Civil Procedure Rule 55." [Doc. 3 at 46]. However, that rule merely describes the procedures for entering and setting aside a default judgment, and does not establish a cause of action. FED. R. CIV. P. 55. Plaintiff also stated that

"Defendant has defaulted in the matter" and "Plaintiff intends to foreclose," for which she requested six million dollars. *Id.* Plaintiff signed the complaint, attachments thereto, and the motion to proceed *in forma pauperis* as "Glenda of the Family of Lane without prejudice, Auth. Rep." [Doc. 3 at 1; Doc. 4 at 1].

On March 20, 2014, the undersigned recommended that the complaint be dismissed because it lacked any legal or factual basis. Even though Plaintiff did not object, she submitted an *Amendment* on the court's complaint form, which alleges in its entirety:

> Plaintiff's has been amended to include the following for all intents and purposes including but not limited to, full disclosure:
> 1) fax from Secretary of State in re UCC Financing Statement identified by Document # 534551210002 (4-pages)
> 2) Plaintiff's "Declaration in the Nature of an Affidavit of Lien Existence & Tort Claim" (6-pages)
> 3) Plaintiff's "Declaration in the Nature of an Affidavit of Negative Averment & Tort Claim" bearing registered Mail # RE85022900SUS (9-pages)
> 4) True and Correct copy of Findings, Conclusions, and Recommendation of the United States Magistrate Judge along with other documentation.

[Doc. 8 at 1]. Attached to the *Amendment* are the referenced documents (except for the undersigned's recommendation), which contain the same type of nonsensical legal jargon that is difficult to comprehend. [Doc. 8 at 2-20].

For example, in the "Declaration in the Nature of an Affidavit of Lien Existence & Tort Claim," Plaintiff asserts in part:

> I, one of the flesh-and-blood creations of the Great I Am, the one who goes by the name Glenda: of the family Lane, Secured Party, hereinafter "Declarant", a sentient being of legal age, and also of sound mind, body, and spirit, am competent for stating the matters set forth herewith, have personal knowledge of the Facts stated herein, have full subject matter jurisdiction over the below **Regarding**, first being duly sworn, do herewith depose and say, and declare by My autograph, that the following numbered Facts are indeed the truth, the whole truth, and nothing but the truth under the pains and penalties of perjury.
>
> **Regarding**: Respondent's telefacsimile received by Declarant on March 19th of 2014 in re Respondent's "Texas UCC Rejection Notice" and Declarant's UCC Financing Statement identified by Document Number 534551210002;

>Respondent's allegation of "Fraudulent Filing" on behalf of Declarant via Declarant's UCC Financing Statement filed and identified by Document Number 534551210002; Declarant's UCC Financing Statement identified by Document Number 534551210002; Existence of lien in re Declarant's "Declaration in the nature of an Affidavit of Claim & Asseveration of Dominion" bearing Registered Mail #RE 850 255 107 US; UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS Civil Action No. 3-14CV0979-D
>
>In re the above **Regarding** (also for the record, on the record, and upon Respondent's Oath of Office), the following are the aforementioned Facts:
>
>1) Declarant herewith and hereby declares that Declarant's UCC Financing Statement identified by Document Number 534551210002 is submitted for recording and filing in re UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS Civil Action No. 3-14CV0979-D, and Declarant makes these presents known to all men and women unto whom they may come with notice of the following:
>>A. see UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS Civil Action No. 3-14CV0979-D for purposes of full disclosure on behalf of Glenda: of the family Lane.
>>B. Case file as of 03-18-2014 available for review at [ http://goo.gl/OqUehQ ].
>>C. Updates to this case file shall be made available if applicable.
>
>2) Declarant herewith and hereby declares that there is no contract in existence authorizing any alleged attorney general to make any legal determinations, opinions, arguments or the like in any manner relating to, on behalf of, or to the detriment of, Declarant.
>
>3) Declarant herewith and hereby declares that there is no contract in existence authorizing any alleged attorney general to deny or deprive Declarant of any right(s) including, but not limited to, due process of law by means of issuance of any legal determinations, opinions, arguments or the like in any manner relating to, on behalf of, or to the detriment of, Declarant.

[Doc. 8 at 6-7].

In the "Declaration in the Nature of an Affidavit of Negative Averment & Tort Claim,"

Plaintiff states in part:

>• "Thou shalt also decree a thing, and it shall be established unto thee: and the light shall shine upon thy ways" -Job 22:28
>• "Indeed, no more than affidavits is necessary to make the prima facie case." [United States v. Kis, 658 F.2d 526, 536 (7th Cir. 1981); Cert. Denied, 50 U.S. L. W. 2169; S. Ct. March 22, 1982)

> • All men and women know that the foundation of law and commerce exists in the telling of the truth, the whole truth, and nothing but the truth.
> • Truth as a valid statement of reality is sovereign in commerce.
> • An unrebutted affidavit stands as truth in commerce.
> • An unrebutted affidavit is acted upon as the judgment in commerce.
> • Guaranteed - All men shall have a remedy by the due course of law. If a remedy does not exist, or if the existing remedy has been subverted, then one may create a remedy for oneself and endow it with credibility by expressing it in their affidavit. (Ignorance of the law might be an excuse, but it is not a valid reason for the commission of a crime when the law is easily and readily available to anyone making a reasonable effort to study the law.)
> • All corporate government is based upon Commercial Affidavits, Commercial Contracts, Commercial Liens and Commercial Distresses; hence, governments cannot exercise the power to expunge commercial processes.

[Doc. 8 at 12].

Along with her *Amendment*, Plaintiff submits a "Copy Certification By Document Custodian" and a second copy of the "Declaration in the Nature of an Affidavit of Negative Averment & Tort Claim." [Doc. 9 at 2]. Plaintiff again signs all pleadings and attachments as "Glenda of the Family of Lane without prejudice, Auth. Rep."

## II. ANALYSIS

Because Plaintiff is proceeding *in forma pauperis*, the amended complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). That statute provides for *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A court may dismiss a complaint as frivolous when it is based on an indisputable meritless legal theory or when the factual contentions are "clearly 'baseless.'" *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). The latter category encompasses allegations that describe "fanciful, fantastic, and delusional" scenarios, or that "rise to the level of the irrational or the wholly incredible." *Id.* at 33.

The Court liberally construes Plaintiff's filings, including her amended complaint, with all possible deference due a *pro se* litigant.  See Haines v. Kerner, 404 U.S. 519, 520 (1972) (allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers).   Even under this most liberal construction, however, Plaintiff's claims/assertions are legally and factually frivolous.   The amended complaint and attachments thereto, as noted above, contain illogical allegations that describe fantastic or delusional scenarios that are clearly irrational and incredible.   Denton, 504 U.S. at 33.   Because Plaintiff's contentions are clearly baseless, the amended complaint should be dismissed with prejudice as frivolous.

### III. LEAVE TO AMEND

A court may dismiss a claim that fails to meet the pleading requirements, but "it should not do so without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after repeated opportunities to do so."  Hart v. Bayer Corp., 199 F.3d 239, 248 n.6 (5th Cir. 2000); *see also* Brown v. Texas A&M Univ., 804 F.2d 327, 334 (5th Cir. 1986) ("Unless we have searched every nook and cranny of the record, like a hungry beggar searching a pantry for the last morsel of food, and have determined that 'even the most sympathetic reading of plaintiff's pleadings uncovers no theory and no facts that would subject the present defendants to liability,' we must remand to permit plaintiff to amend his claim if he can do so.").  As demonstrated herein, the defects in Plaintiff's amended complaint are simply incurable; thus, granting further leave to amend would be fruitless.

## IV. RECOMMENDATION

For the foregoing reasons, it is recommended that this action be summarily **DISMISSED** with prejudice as frivolous.  *See* 28 U.S.C. § 1915(e)(2)(B).

SIGNED May 2, 2014.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE